CENTRAL NATIONAL BANK, Plaintiff-Appellee, v.
INTERNATIONAL SALES COMPANY, Defendant-Appellant,
ROGERS et, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21532.   Decided January 4, 1950.

Laylin & Smith, Cleveland, for plaintiff-appellee.
Jack J. Yelson, Cleveland, for defendant-appellant.
Baker, Hostetler & Patterson, Albert J. Williams, Cleveland,
for defendants-appellees.

(GUERNSEY, PJ, MIDDLETON, J, of Third District: DOYLE,
J, of Ninth District sitting by designation.)

**OPINION**

By GUERNSEY, PJ.

This is an appeal on questions of law from a judgment of the Municipal Court of Cleveland.

This appeal arises out of a petition for declaratory judgment filed in the Municipal Court of Cleveland, and is known as case No. A-11204 in said court.

Said case was filed by the Central National Bank of Cleveland, plaintiff-appellee herein, making International Sales Company and Milton Goldberger, Universal Sales Company and James F. Rogers defendants. For simplicity, the International Sales Company and Milton Goldberger will hereinafter be referred to as defendant appellant, and the Universal Sales Company and James F. Rogers will be referred to as defendant-appellee. The plaintiff-appellee will be referred to as the Bank.

The Bank sets forth in its petition that defendant-appellant issued its check No. 428 in the amount of $561.46 payable to the defendant-appellee on August 8, 1947. That on August 9, 1947 defendant-appellant orally requested the bank to stop payment on said check and that on said same day, defendant-appellant sent a telegram to defendant-appellee, stating that payment upon said check had been stopped. That the bank sent a written confirmation of its "stop" order to defendant-appellant. This written confirmation provided that the bank should not be liable if said check should be paid through inadvertence, accident or oversight of the bank. The bank further sets forth that on August 11, 1947, through inadvertence, oversight and accident they made payment on said check. That on August 12, 1947, defendant-appellant issued its check No. 440 in the amount of $500.00 to the order of the defendant-appellee, and that on August 14, said check was paid.

The bank then sets forth that the commercial account maintained by the defendant-appellant was subject to the rules and regulations of the bank wherein the bank was not to be held liable on account of payment contrary to the "stop" payment requested if the same should occur through inadvertence, accident or oversight of the bank.

The bank then sets forth that the defendant-appellee claims that the defendant-appellant was indebted to said defendant-appellee in a sum greater than the amount of both said checks. The bank then prays that the Municipal Court declare the rights and liabilities of the parties hereto growing out of the payment of said two checks and that the court declare whether the bank's failure to comply with the "stop payment" order is excused by their rules and regulations and that the court completely settle the rights and liabilities of the parties growing out of the payment of said two checks.

The defendant-appellee filed its answer, setting forth substantially that the defendant-appellant was indebted to defendant-appellee in an amount greater than the sum of the two said checks, and prayed that the court declare and decree that there remain due and owing to the defendant-appellee from defendant-appellant the sum of $115.39.

Defendant-appellant filed two motions, one to quash service of summons in that there was no partnership known as International Sales Company, and the second to elect against whom to proceed, either the International Sales Company, a partnership, or Milton Goldberger, doing business as International Sales Company. Both motions were overruled.

Defendant-appellant then filed two answers, one answer to the answer of defendant-appellee denying defendant-appellee's claim and the other being an answer to the bank, setting forth as its second defense that there was a prior action pending in the same court between the bank and the defendant-appellant wherein the defendant-appellant sued the bank for the amount of the first check, being in the amount of $541.46 or check No. 428.

Defendant-appellant filed an amended answer setting forth in the second defense, at greater length, the fact of the prior pending action, and praying that this action be dismissed, or, in the alternative, to render judgment for defendant-appellant.

Defendant-appellant then filed his motion to dismiss this action upon two grounds: (1) That there was a prior pending action upon the same cause of action and between the same parties wherein a jury trial had been demanded, and (2), that this cause is not a proper subject for declaratory judgment.

Defendant-appellee was granted leave to amend his answer which amendment increased the amount of indebtedness claimed to be due and owing from defendant-appellant to defendant-appellee and praying for the court to declare and decree that there remains due and owing from defendant-appellant to defendant-appellee the sum of $661.60.

A demurrer to the second paragraph on page two of the amended answer of the defendant-appellee was filed by defendant-appellant, the paragraph referred to being in the words and figures following, to-wit:

"That at the time of the execution of both checks International Sales Company was indebted to Universal Sales Company in a sum greater than the combined amounts of both checks, and that International Sales Company still owes Universal Sales Company a balance upon an account, due and payable at the time both checks were issued."

The court took the motion to dismiss and the demurrer under advisement, but in the meantime, the parties were ordered to trial, and trial was had before the court without a jury, on July 9, 1948.

On March 17, 1949, there was a finding and judgment for the Bank. On March 21, 1949, the entry of March 17, 1949, was corrected to read that judgment was also rendered for defendant-appellee against defendant-appellant in the amount of $661.60.

A motion for new trial was filed by defendant-appellant and the court was asked to dismiss the petition upon the ground of lack of jurisdiction, and was further asked for judgment notwithstanding the verdict.

On April 26, 1949, the court overruled the motion for new trial and for judgment notwithstanding the verdict. On the same date defendant-appellee's motion to dismiss was overruled. On May 12, 1949, notice of appeal was filed, together with praecipe to the clerk. On May 24, 1949, the transcript and original papers were filed in this court.

The appeal is based upon the errors apparent upon the face of the record. There is no bill of exceptions of the proceedings had in said cause in the Municipal Court.

The defendant-appellant assigns error in the following particulars:

1. The court lacked jurisdiction

(A) Declaratory judgments are not within the jurisdiction of the Municipal Court;

(B) Prior action pending.

2. Errors of law.

(A) Verdict and judgment of the court below are contrary to law.

(B) Overruling to motion to dismiss.

(C) Lack of jurisdiction.

3. For other errors apparent on the face of the record.

(A) Failure to grant judgment notwithstanding the verdict.

(B) Failure to rule on the motion to dismiss.

(C) Failure to rule on the demurrer.

(D) Defendant-appellant deprived of right to jury trial.

(E) Improper party defendant.

These assignments of error will be considered in the order above set forth.

1(a) Under this assignment of error, the defendant-appellant makes the general contention that declaratory judgments are not within the jurisdiction of the Municipal Court of Cleveland. He admits, however, that under the provisions of §12102-1 GC, that jurisdiction is conferred upon courts of record within their respective jurisdictions to declare rights, status and other legal relations whether or not further relief is or could be claimed; and further admits that the Municipal Court of Cleveland is a court of record, and concludes that a court of record may grant a declaratory judgment if it stays within its jurisdiction and that the jurisdiction to which he refers relates to the subject-matter.

In the case of **Soul, Receiver, v. Lockhart, 119 Oh St 393,** the Supreme Court held that the only original, civil jurisdiction conferred upon the Cleveland Municipal Court is that found in §1579-6 GC, and that the sections following are merely supplementary or ancillary thereto, having for their object the conservation and enforcement of its original jurisdiction conferred by the foregoing section.

Under the provisions of **Sub-division 3 of Section 1579-6 GC,** original civil jurisdiction within the limits of the City of Cleveland is conferred on the Municipal Court in all actions on contract, express or implied, in law or in fact, when the amount claimed by the plaintiff does not exceed $5000.00.

The claim pleaded by the bank, for which it seeks a declaratory judgment, is one of the class recognized as coming within the money counts of general assumpsit, under the specific designation of either indebitatus assumpsit or indebitatus counts, for money paid to the defendant's use.

The following comment is made with reference to this class of cases, in 4 American Jurisprudence, under the subject of Assumpsit in Section 10 at pages 499 and 500:

"As shown above, assumpsit will lie for the breach of an express contract or one implied in fact, but there is another large class of obligations, to enforce which the action of general assumpsit is a well-established remedy. The principle upon which this latter class of obligations rests is equitable in its nature, and was, like most other equitable principles derived from the civil law. This obligation was, under the

civil law, designated 'quasi contractus.' Stated as a civil-law principle, it was an obligation similar in character to that of a contract, but which arose not from an agreement of parties, but from some relation between them or from a voluntary act of one of them, or, stated in other language, an obligation springing from voluntary and lawful acts of parties in the absence of any agreement. In quasi contracts, the obligation arises not from consent, as in the case of contracts, but from the law or natural equity. The class of obligations now under consideration, and which are treated in works on contracts as contracts implied in law, or quasi contracts, is recognized and enforced in common law courts by means of a general assumpsit. The liability exists from an implication of law that arises from the facts and circumstances independent of agreement or presumed intention."

Under the text on page 500 is a citation supporting the principles announced, as follows:

"The mythical creation of the law, called a quasi contract, was adopted for the purpose of enforcing a legal duty by an action in form ex contractu, but in reality in the nature of a bill of equity." Schaeffer v. Miller, 41 Mont. 417, 109 P. 970, 137 Am. St. Rep. 746.

As the Municipal Court has jurisdiction in all actions on contracts "implied in law" it has jurisdiction to render judgments to declare the rights, status and other legal relations of the parties to such contracts.

Subdivision (a) of this assignment is therefore without merit.

1(b) Under this subdivision of assignment number one the defendant-appellant contends that by reason of the pendency of another action in the Municipal Court between the defendant-appellant and the bank, involving the same subject matter, the Municipal Court was without jurisdiction or power to render a declaratory judgment in the instant action.

As there is no bill of exceptions of the proceedings had by the trial court in the instant case, it does not affirmatively appear that there was another action in the Municipal Court pending between the parties, as contended by the defendant-appellant. In reviewing a case a court may only consider such errors as affirmatively appear of record, and as the claimed error does not affirmatively appear of record, the court will not consider it.

(2) Errors of law.

(a) Under this subdivision, the defendant-appellant discusses the question as to whether the bank may be relieved from liability in its failure to stop payment on the check, after notice had, by virtue of its rules and regulations.

As we are basing our opinion and decision in this case solely upon the proposition that the bank has pleaded, and, by virtue of the presumptions attending a judgment in its favor in the trial court has proved that it has a counter-claim against defendant in the amount of the check paid by it after receipt of notice to stop payment, by way of a cause of action in general assumptsit under the money counts for money paid by it for the defendant's use, it is unnecessary to discuss this subdivision of the second assignment of error.

2(b) Under this subdivision of the second assignment of error, the defendant-appellant charges error of the court in overruling the motion to dismiss.

The motion to dismiss was based upon the ground that the Municipal Court did not have jurisdiction of the subject-matter of the action for declaratory judgment, and upon the further ground that another action was pending between the parties in the Municipal Court, involving the same subject-matter.

We have heretofore held that the Municipal Court had jurisdiction of the action for declaratory judgment, and we have also heretofore held that we cannot consider the pendency of any other action in the Municipal Court between the parties, as it does not appear in the record before us for review that any such action was pending.

For these reasons this subdivision of assignment number two is without merit.

2(c) Under this subdivision the defendant-appellant contends the Municipal Court did not have jurisdiction of the action.

We have already discussed this question and held that the Municipal Court had jurisdiction, so it is unnecessary to further discuss this assignment.

3. For other errors apparent on the face of the record.

3(a) Under this subdivision, the defendant-appellant again raises a question of the jurisdiction of the court, and also claims error of the court in not granting defendant-appellant judgment notwithstanding the verdict of the Municipal Court.

We have heretofore held that the court had jurisdiction and that the bank had proved a counter-claim to the claim of the defendant-appellee. It follows that the court properly overruled the motion to dismiss.

3(b) Under this subdivision of this assignment the defendant-appellant charges error in that the motion to dismiss

was not ruled upon until after judgment had been rendered and after motion for new trial was filed.

The motion to dismiss was wholly without merit and the fact that it was not ruled upon until after judgment and after motion for new trial was filed, was not in any way prejudicial to the defendant-appellant.

3(c) Under this subdivision defendant-appellant charges error in the failure of the court to rule on demurrer referred to in the statement of facts, until six days after the filing of the notice of appeal.

The demurrer was wholly without merit and the failure to rule upon the same, as stated, was not in any way prejudicial to the defendant-appellant.

3(d) Under this subdivision the defendant-appellant charges error in that the trial court deprived him of his right to have his cause tried to a jury.

Under the statutes creating the Municipal Court of Cleveland and describing its functions and procedure, a jury trial may be had only upon demand made in the manner prescribed in the statutes.

While this case was purely a civil action at law and the defendant-appellant was entitled to trial by jury if he demanded such trial, the record does not show that he made such demand in conformity with the statute. Not having made such a demand there is no basis for his claim of error in the respect mentioned.

3(e) Under this subdivision the defendant-appellant charges error in the bank making defendant-appellee party defendant.

The defendant-appellee was a proper party defendant, as the bank, in order to establish the validity of its counterclaim concerning which it asked the declaration, had to establish that it paid the check of $561.46 in question, to a creditor of the defendant-appellant who had a valid and subsisting claim against defendant-appellant which was then due and payable, to show that such payment was made for the use of the defendant-appellant.

The general rule applicable to the substantive rights of the parties in the instant case, are as follows:

In general, if a creditor has received payment of his claim from some one other than the debtor, that other person can not recover the payment made to the creditor in the absence of some fraud or misrepresentation by the creditor. More specifically a bank which has by mistake paid a check on which payment has been stopped, cannot recover if the holder of the check acquired it in good faith and for value.

Restatement of the Law, Restitution, Sections 14 and 33.

With reference to the bank's right to charge the appellant's account, we quote from Section 162 of the same authority, which states:

"Where property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lien-holder."

This section further states that a plaintiff asking for subrogation is not "officious" i. e., a volunteer, where the payment is made under mistake.

The general rule applicable to mistakes of this character is stated in Section 59 of the Restatement of the Law, as follows:

"A person who has conferred a benefit upon another by mistake is not precluded from maintaining an action for restitution by the fact that the mistake was due to his lack of care."

While Section 162 of Restatement of the Law refers to equitable actions for restitution, the principles enunciated apply with full force to actions based upon quasi contracts, for, as hereinbefore stated, the mythical creation of the law, called a quasi contract was adopted for the purpose of enforcing a legal duty by an action in form ex contractu, but in reality in the nature of a bill in equity.

The justice of the above principles is apparent. They correct the mistake if the holder of the check has been guilty of fraud in obtaining payment and prevent unjust enrichment of the maker if he stops payment.

Finding no error prejudicial to the defendant-appellant in any of the particulars assigned, the judgment of the Municipal Court is affirmed at the costs of the defendant-appellant. Exceptions noted.

MIDDLETON, J, DOYLE, J, concur.